**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| RODREGUS LEE BOYKIN, | : | |
| | : | |
| Plaintiff | : | |
| | : | NO. 5:08-CV-224 (CAR) |
| VS. | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. §1983 |
| Lieutenant PATRICK CURRY, *et al.*, | : | BEFORE THE U. S. MAGISTRATE JUDGE |
| | : | |
| Defendants | : | **ORDER & RECOMMENDATION** |

Plaintiff **RODREGUS LEE BOYKIN**, an inmate at Washington State Prison in Davisboro, Georgia, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. In compliance with this Court's previous order, plaintiff has supplemented his complaint.[1]

**I. STANDARD OF REVIEW**

**A. 28 U.S.C. § 1915(e)(2)**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." ***Neitzke***, 490 U.S. at 327 (quoting ***Hishon v. King & Spalding***, 467 U.S. 69, 73 (1984)).

---

[1] Along with his supplement, plaintiff also filed a "Motion to Transfer or be Removed from State System" (Tab # 11). Plaintiff seeks relief that this Court cannot provide and he raises claims not raised in his original complaint. Accordingly, this motion is **DENIED**.

### B.  General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States.  *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law.  *Id.*

## II.  BACKGROUND

Plaintiff alleges that on August 8, 2006, as defendants Lieutenant Patrick Curry and Cert. Sergeant Brian were placing plaintiff in the hole, Lieutenant Curry used excessive force against plaintiff.  According to plaintiff, Lieutenant Curry forcefully applied handcuffs and told plaintiff, "I bet this hurt."  Lieutenant Curry then allegedly "turned the handcuffs upside down behind [plaintiff's] back," which bruised plaintiff's wrist and tore muscles in plaintiff's left shoulder.  Plaintiff claims Cert. Sergeant Brian watched and failed to intervene.

Thereafter, defendants Warden John Ford and Unit Manager McBride took plaintiff to medical, where "they saw everything that had been done" to plaintiff.  More specifically, plaintiff alleges Ford failed to take pictures of plaintiff's injuries or "turn in a grievance."  Plaintiff maintains Ford's failure to do so violates the rules and regulations of the Georgia Department of Corrections. Plaintiff also complains that McBride failed to conduct a full investigation of the incident.  Plaintiff possibly suggests Ford and McBride conspired to cover up the incident.

Plaintiff's medical claims against defendants Dr. Kristan and Medical Staffer Ms. Bush are somewhat unclear, but it appears plaintiff alleges that Dr. Kristan administered physical therapy on plaintiff's injured shoulder, notwithstanding that no MRI had been ordered, and that Ms. Bush knew of plaintiff's condition yet refused to order an MRI.

## III. DISCUSSION

### A. *Warden John Ford and Unit Manager McBride*

Plaintiff's claims against Warden John Ford and Unit Manager McBride must fail as plaintiff does not allege that he was denied any constitutional right which would support a section 1983 action. Ford's failure to take pictures of plaintiff's injuries or turn in a grievance was not violative of any constitutional right. *See e.g., Dennison v. O'Fallon*, 2007 WL 1593069 (D. Mont. 2007) (finding plaintiff had no constitutional right to compel prison officials to take pictures of plaintiff's condition that plaintiff planned to use in court). Similarly, McBride's failure to investigate the incident is not violative of any right. *Dunn v. Martin*, No. 04-03566, 2006 WL 1049403, at * 2 (11th Cir. Apr. 21, 2006) (a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure).

To the extent plaintiff alleges Ford and McBride attempted to cover-up for Lieutenant Curry's wrongdoing, vague and general allegations of a state official's participation in a conspiracy are insufficient to support such a conspiracy claim or to show a violation of section 1983. *Fullman v. Graddick*, 739 F.2d 553 (11th Cir. 1984). In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged. It is not enough to allege in the complaint that a conspiracy existed. "A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy." *Id.* at 557 (citing 2A J. Moore & J. Lucas, Moore's Federal Practice ¶ 8.17[5] at 8-180, 181 (2 ed. 1984)). Here, plaintiff does not allege a single fact upon which one could infer that a conspiracy existed.

Lastly, plaintiff's claims that these defendants' conduct violated Georgia prison regulations may state a cause of action under Georgia law, but is insufficient to support a section 1983 claim. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970) (emphasizing that a section 1983 plaintiff must prove the defendant deprived him of a right secured by the Constitution or laws of the United States).

In light of the above, it is **RECOMMENDED** that Warden John Ford and Unit Manager McBride be **DISMISSED** as defendants herein. Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN TEN (10) DAYS after being served a copy of this order.

### B.  Dr. Kristan and Medical Staffer Ms. Bush

Deliberate indifference to serious medical needs by prison personnel may constitute an Eighth Amendment violation, but only when it is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." ***Harris v. Thigpen***, 941 F.2d 1495, 1505 (11th Cir.1991).  To prove he was denied medical treatment in violation of the Eighth Amendment, plaintiff must show (1) an objectively serious medical need that, left unattended, poses a substantial risk of serious harm, and (2) that the response made by public officials to that need was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law.  ***Taylor v. Adams***, 221 F.3d 1254, 1258 (11th Cir. 2000); ***Campbell v. Sikes***, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability).

Dr. Kristan's and Ms. Bush's failure to order an MRI in the diagnosis and treatment of plaintiff, at most, constitutes negligence or malpractice, neither of which rises to the level of an Eighth Amendment violation.  ***H.C. by Hewett v. Jarrard***, 786 F.2d 1080, 1086 (11th Cir. 1986). These defendants provided plaintiff with  medical care and plaintiff merely objects to the quality of that care.  It is inappropriate for this Court to substitute its judgment for that of the various medical doctors who have actually treated plaintiff.  ***See e.g.,Hamm v. DeKalb County***, 774 F.2d 1567, 1575 (11th Cir. 1985) (***citing Westlake v. Lucas***, 537 F.2d 857, 860n.5 (1st Cir. 1981)) ("Where a prisoner has received ... medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in tort law.").

Accordingly, it is **RECOMMENDED** that plaintiff's claims against Dr. Kristan and Ms. Bush be **DISMISSED** and that they be terminated as defendants herein.  Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN TEN (10) DAYS after being served a copy of this order.

*IV.  SUMMARY*

In light of the foregoing, the undersigned **RECOMMENDS** that defendants Warden John Ford, Unit Manager McBride, Dr. Kristan, and Medical Staffer Bush be **DISMISSED** from this case. Although it is not clear that plaintiff will ultimately prevail on the merits of claims against defendants Lieutenant Patrick Curry and Cert. Sergeant Brian, the undersigned finds that plaintiff has made sufficient allegations against them to withstand the frivolity review.

Accordingly, it is hereby **ORDERED AND DIRECTED** that service be made as provided by law upon **LIEUTENANT PATRICK CURRY** and **CERT. SERGEANT BRIAN**, and that they file a **WAIVER OF REPLY**, an **ANSWER**, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, each party shall at all times keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address.  **FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS FILED HEREIN!**

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must <u>diligently</u> prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute.  Defendants are advised that they are expected to <u>diligently</u> defend all allegations made against them and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of court; to serve copies of <u>all</u> motions, pleadings, discovery, and correspondence (<u>including letters to the Clerk or to a judge</u>) upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions and pleadings filed with the Clerk a **CERTIFICATE OF SERVICE** indicating <u>who</u> has been served and <u>where</u> (i.e., at what address), <u>when</u> service was made, and how service was accomplished (i.e., by U. S. Mail, by personal service, etc.).

THE CLERK OF COURT WILL NOT SERVE OR FORWARD COPIES OF SUCH MOTIONS, PLEADINGS, AND CORRESPONDENCE ON BEHALF OF THE PARTIES!

### DISCOVERY

PLAINTIFF SHALL NOT COMMENCE DISCOVERY UNTIL AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED ON BEHALF OF THE DEFENDANTS FROM WHOM DISCOVERY IS SOUGHT BY THE PLAINTIFF. THE DEFENDANTS SHALL NOT COMMENCE DISCOVERY UNTIL SUCH TIME AS AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed **WITHIN 90 DAYS** from the date of filing of an **ANSWER** or **DISPOSITIVE MOTION** by the defendant(s), unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This **90 DAY** period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer/dispositive motion. The scheduling of a trial herein may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

DISCOVERY MATERIALS SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT. **NO PARTY SHALL BE REQUIRED TO RESPOND TO ANY DISCOVERY NOT DIRECTED TO HIM OR SERVED UPON HIM BY THE OPPOSING COUNSEL/PARTY!** The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. <u>No party shall be required to respond to any such requests which exceed these limitations</u>.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will <u>not</u> be considered by the court absent the filing of a **SEPARATE MOTION** therefor accompanied by a brief/memorandum of law citing supporting authorities. DISPOSITIVE MOTIONS should be filed at the earliest time possible, but in any event no later than **THIRTY (30) DAYS** after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

### ELECTION TO PROCEED BEFORE THE UNITED STATES MAGISTRATE JUDGE

Under **Local Rule 72**, all prisoner complaints filed under provisions of 42 U.S.C. §1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all <u>pretrial</u> matters. In addition, 28 U.S.C. §636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and <u>all</u> proceedings in a jury or nonjury civil matter <u>and</u> to order the entry of judgment in a case upon the <u>written</u> <u>consent</u> of all of the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U. S. district judge is strictly up to the parties themselves.

☞   After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide **ELECTION FORMS** to the parties and/or to their legal counsel, if represented.  Upon receipt of the **ELECTION FORMS**, each party shall cause the same to be executed and returned to the Clerk's Office WITHIN FIFTEEN (15) DAYS.  Counsel may execute **ELECTION FORMS** on behalf of their clients provided they have such permission from their clients.  However, counsel must specify on the **ELECTION FORMS** on whose behalf the form is executed.

**SO ORDERED AND RECOMMENDED**, this 4th day of NOVEMBER, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

**ADDENDUM TO ORDER**

## NOTICE TO ALL PARTIES

PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (e.g., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT.

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT.  <u>NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT.</u>

DO <u>NOT</u> FILE <u>ANY</u> DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION. THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OF A MOTION TO COMPEL, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.