IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RODREGUS LEE BOYKIN,<br><br>        Plaintiff<br>  VS.<br><br>PATRICK CURRY, LIEUTENANT, *et al.*,<br><br>        Defendants | **NO. 5:08-CV-224 (CAR)**<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## RECOMMENDATION

Before the court is a MOTION FOR SUMMARY JUDGMENT filed by defendants LIEUTENANT PATRICK CURRY, and SERGEANT KENNETH BRYANT. Tab #28. The motion is supported by a brief, a statement of material facts, affidavits, and numerous exhibits. Plaintiff RODREGUS LEE BOYKIN has responded to the motion (Tab #33), and the defendants have replied thereto (Tab #34).

### LEGAL STANDARDS

#### SUMMARY JUDGMENT

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *(a) By a Claiming Party. A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(b) By a Defending Party. A party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(c) Time for a Motion, Response, and Reply; Proceedings.*
>
> > *(1) These times apply unless a different time is set by local rule or the court orders otherwise:*
> >
> > > *(A) a party may move for summary judgment at any time until 30 days after the close of all discovery;*
> > >
> > > *(B) a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later; and*
> > >
> > > *(C) the movant may file a reply within 14 days after the response is served.*

> *(2) The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, Slip Opinion No. 92-2485, 1993 U.S. App. LEXIS 33079 (11th Cir.). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn therefrom in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). "If the facts, taken in the light most favorable to the Plaintiff do not establish a constitutional violation, then the public official should be granted summary judgment as a matter of law." *Brown v. Smith*, 813 F.2d 1187, 1188 (11th Cir. 1987).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202(1986).[1]

## EXCESSIVE FORCE

The Eleventh Circuit has noted that to establish an Eighth Amendment violation a prisoner must prove that an injury was caused by an unnecessary and wanton infliction of pain. In such cases, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Absence of serious injury alone is, however, insufficient to dismiss a prisoner's Eighth Amendment claim. *Harris v. Chapman*, 97 F.3d 499, 505 (11th Cir. 1996).[2]

## FACTUAL BACKGROUND

The facts, taken in the light most favorable to the plaintiff, are as follows: On August 8, 2006, when plaintiff Boykin was exiting the dining hall area at Washington State Prison, he was stopped by Lt. Lela Grier and questioned about what appeared to be recent tattoos on his arms, the presence of which constitutes a violation of the rules. At the conclusion of this exchange, Lt. Grier felt that plaintiff Boykin had been disrespectful to her. As a result, she instructed defendant Lt. Curry

---

[1] *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the non-movant).

[2] Analysis of an Eighth Amendment excessive force claim is contextual and requires that many factors be considered: the need for the application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible official, and any efforts made to temper the severity of a forceful response. Only *de minimis* uses of force are beyond constitutional recognition. *Id.*

to escort plaintiff Boykin to administrative segregation. Once in the segregation unit, a strip search of plaintiff Boykin was commenced. Following the search, defendant Lt. Curry, in the presence of defendant Sgt. Bryant, handcuffed plaintiff Boykin and escorted him to a holding cell. Once plaintiff Boykin was placed into the holding cell, the handcuffs were removed and the defendants left the administrative segregation area of the prison. Soon thereafter, Lt. Grier came to the holding cell and had a conversation with the plaintiff. When the conversation was over, plaintiff Boykin was allowed to leave the holding cell.

Later that day, plaintiff Boykin appeared in the prison's medical unit complaining that his left wrist and shoulder were injured as a result of being handcuffed by defendant Lt. Curry. The plaintiff, who had a history of complaints involving left shoulder pain, was examined, given pain medication, warm compresses, and physical therapy. After approximately a year of conservative treatment, and in response to plaintiff's continued complaints, he was scheduled for a consultation with Dr. Clarence Fossier, an orthopedic surgeon.

Following an initial consultation and MRI which revealed possible chronic tendonitis and a potential tear of the rotator cuff, Dr. Fossier recommended that plaintiff Boykin undergo arthroscopic surgery. The surgery, which was exploratory in nature, revealed that plaintiff Boykin had no rotator cuff tear or other significant shoulder damage. Dr. Fossier did, however, note the presence of bursal tissue which is indicative of a potentially painful condition called bursitis. This condition, according to Dr. Fossier, is caused by repetition and/or overuse— not acute trauma. No surgical measures to ameliorate this condition were deemed necessary or attempted. Plaintiff Boykin continues to complain of shoulder pain for which he is given ibuprofen.

## DISCUSSION

According to the plaintiff, defendant Lt. Curry, without provocation or justification, applied the handcuffs as tightly as possible then violently pulled the cuffs upward for the purpose of inflicting pain. Furthermore, plaintiff Boykin alleges that these actions resulted in extreme pain and severe injuries to his wrists, elbow, and left shoulder muscles. He also avers that, as a direct result of this unnecessary exercise of excessive force by defendant Lt. Curry, use of his left arm remains severely limited.

In response to these allegations, the defendants deny that the cuffs were applied tightly, deny that the cuffs were pulled up quickly, and deny that the plaintiff incurred any injury as a result of being handcuffed. In support of these assertions, they have submitted numerous affidavits and medical records. These affidavits and records, in no uncertain terms, indicate that no physical injuries were observed during the plaintiff's medical examination on the day of the incident and that any actual injury affecting the plaintiff's left shoulder or arm is the result of overuse or repetition, not an acute incident. In view of this evidence, the defendants contend that the plaintiff's Eighth Amendment rights were not violated by Lt. Curry. As such, and with respect to defendant Sgt. Bryant, the defendants conclude that because no improper actions were taken by defendant Lt. Curry, there was no reason or cause for Sgt. Bryant to intervene. Consequently, the defendants contend that they are entitled to summary judgment. The undersigned agrees.

As the evidence in this case does not support the plaintiff's allegations of excessive force, the undersigned concludes that the defendants are entitled to judgment as a matter of law. Accordingly, **IT IS RECOMMENDED** that the defendants' MOTION FOR SUMMARY JUDGMENT be **GRANTED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED,** this 21st day of JANUARY, 2010.



                                    CLAUDE W. HICKS, JR.
                                    UNITED STATES MAGISTRATE JUDGE