**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **RODREGUS LEE BOYKIN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No.: 5:08-CV-224 (CAR)** |
| **v.** | : | |
| | : | **42 U.S.C. §1983** |
| **PATRICK CURRY, *et al.*,** | : | |
| | : | |
| **Defendants.** | : | |

***ORDER ON THE UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION***

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 36] to grant Defendants' Motion for Summary Judgment [Doc. 28]. Plaintiff, who is proceeding *pro se*, has filed an Objection [Doc. 39] to the Recommendation, and Defendants have responded [Doc. 40]. Having considered Plaintiff's Objection, which simply reasserts the basic allegations already in the record, and upon a *de novo* review of the record submitted by the parties, this Court agrees with the Magistrate's conclusion that no genuine issues of material fact exist for trial. Therefore, the Recommendation is hereby **ADOPTED AND MADE THE ORDER OF THE COURT**. Accordingly, the Court **GRANTS** Defendants' Motion for Summary Judgment.

Plaintiff claims Defendants, who are corrections officers at the Georgia prison where Plaintiff was an inmate at the time, violated his Eighth Amendment rights when they handcuffed him too tightly and in a way that, he says, caused damage to his left rotator cuff. In addition to denying these allegations outright, Defendants have shown that Plaintiff has a prior history of complaints involving left shoulder pain, that a medical examination after the incident revealed no rotator cuff tear or other shoulder damage, and that he was later diagnosed with bursitis, a

pre-condition resulting from repetition and overuse of the shoulder joint in question rather than acute trauma.

While a Defendant normally takes his Plaintiff as he finds him, Eighth Amendment violations for excessive force in the prison context require a subjective level of intent on the part of Defendants that is either malicious or sadistic. Hudson v. McMillian, 503 U.S. 1, 7-10 (1992); Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002). In addition, Plaintiff must suffer more than *de minimis* injuries. Id. Those injuries must result, as a matter of proximate causation, from Defendants' actions. See Troupe v. Sarasota County, 419 F.3d 1160, 1165-1166 (11th Cir. 2005). Plaintiff's self-diagnosis and factual allegations, as against medical documentary evidence from multiple sources to the contrary, simply fail to meet the legal burden of sufficiency.

Having reviewed Plaintiff's Objection, the Court finds it without merit and **GRANTS** Defendants' Motion for Summary Judgment. Therefore, the Recommendation is hereby **ADOPTED AND MADE THE ORDER OF THE COURT**.

**SO ORDERED, this 2nd day of February, 2010**.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

THC/ssh